PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2004 Nissan Maxima struck an unknown object as claimant Richard Morgan was driving on 1-64 in Huntington, Cabell County. 1-64 is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully set forth below. The incident giving rise to this claim occurred at approximately 10:00 p.m. on April 5,2008. The speed limit on 1-64 is sixty-five miles per hour. At the time of the incident, Mr. Morgan testified that he was traveling west on 1-64 between mile marker three and five. As he was driving in the right lane at approximately sixty-five miles per hour, his vehicle struck an unknown object in the road. Mr. Morgan did not return to the area where this incident occurred to locate and identify what his vehicle struck. As a result of this incident, claimants’ vehicle sustained damage to its tire and wheel in the amount of $950.72.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64. Ronald Lee Bowen, Transportation Crew Supervisor for respondent in Huntington, testified that he is familiar with the area where *108 claimants’ incident occurred. He stated that the road was resurfaced in 2007. Mr. B owen testified that he was not aware of any problems on this portion of 1-64 on April 5,2008. Respondent did not receive any complaints regarding holes at this location.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have notice of the object which claimant’s vehicle struck. It is the claimants’ burden to prove that respondent had notice of the object in the roadway and failed to take corrective action. The Court cannot resort to speculation in determining what caused the damage to the claimants’ vehicle. In any case, it is more likely than not that the claimants’ vehicle struck a foreign obj ect in the roadway for which respondent did not have notice. Therefore, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.